[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Upon presentment to the court by the plaintiff that Ernest J. Diette, Jr. has been guilty of misconduct not occurring in the presence of the court, involving his character, integrity and CT Page 4199 professional standing and conduct, the court finds the following facts to have been proven by clear and convincing evidence.
The respondent, having been admitted to the bar of the State of Connecticut on or about September 22, 1970, has been the subject of a prior grievance which resulted in the reprimand by the court, Aurigemma, J., on or about January 28, 1993, for a violation of Rule 8.4(d) of the Rules of Professional Conduct.
The respondent was retained by one James Holley to represent him in connection with the trial of and appeal of a criminal case.
The respondent was initially paid $1,000 by Holley and, subsequent to the trial and conviction of Holley, the respondent withdrew $5500 from Holley's bank account pursuant to a power of attorney authorizing him to do so.
Of that sum, $3000 was for attorney's fees for the continued representation of Holley, including the initiation and prosecution of an appeal, and the remaining $2500 was designated for other purposes including costs associated with the appeal.
The respondent had no written fee agreement with Holley nor did he provide him with a written accounting of the disbursements in connection with the above withdrawal.
The respondent filed an appeal of Holley's criminal conviction on or about April 16, 1993.
Subsequent to the filing of the appeal, the respondent failed to keep Holley reasonably informed about the status of the appeal.
Holley filed a grievance against the respondent on or about July 26, 1993.
After learning of Holley's grievance, the respondent allowed the appeal to be dismissed for failure to prosecute with proper diligence, and did not notify Holley of its dismissal.
The respondent provided no reasonable explanation for failing to keep Holley informed of the status of the appeal, and the respondent's testimony as to why he allowed the appeal to be dismissed was completely implausible.
The respondent's failure to have a written fee agreement with CT Page 4200 Holley and to account for the disbursement of the $5500 constituted a violation of Rule 1.5 of the Rules of Professional Conduct.
The respondent's failure to keep Holley reasonably informed of the status of his appeal constituted a violation of Rule 1.4 of the Rules of Professional Conduct.
The respondent's failure to prosecute Holley's appeal, thereby causing it to be dismissed for failure to prosecute with reasonable diligence and failure to notify him of such dismissal, constitute a violation of Rule 1.3 of the Rules of Professional Conduct.
Based upon the foregoing findings, it is hereby ordered that the respondent, Ernest J. Diette, Jr. be suspended from the practice of law for a period of three months, said period of suspension to commence on May 15, 1995.
Attorney Vito Castignoli is hereby appointed trustee to inventory the files of the respondent and protect the interests of his clients during the period of suspension in accordance with Connecticut Practice Book § 46B.
Thompson, J.